WENTWORTH, Judge.
Appellant seeks review of an order by which his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 was denied. We affirm the order, finding that appellant’s proper remedy is to seek correction of the alleged error in his negotiated sentence by way of a motion to withdraw his plea.
Appellant was charged with murder in the first degree with a common pocket knife, in violation of section 782.04(l)(a), Florida Statutes. Pursuant to a plea bargain, appellant pleaded guilty to a reduced charge of murder in the second degree for which he was to be sentenced to a specific term of 16 years incarceration. Appellant contends he agreed to be sentenced within the sentencing guidelines. A sentencing guidelines scoresheet for the offense shows that the second degree murder charge was scored under the category of “primary offense at conviction” as a life felony with 165 points. The scoresheet total was 187 points for a presumptive sentence of 12 to 17 years incarceration. Appellant on June 27, 1986, filed a motion for post-conviction relief, alleging ineffective assistance of counsel where counsel improperly permitted the second degree murder charge to be enhanced on the guidelines scoresheet from a first degree felony to a life felony because of the use of a coihmon pocket knife as a weapon during the commission of the crime. Appellant argued that if the second degree murder charge had been properly scored as a first degree felony, only 136 points would have been assessed under the *765 “primary offense at conviction” category, and his presumptive sentence would have been 7 to 12 years incarceration. The court denied appellant’s motion on the ground that he was sentenced pursuant to a plea agreement which specified a 16 year sentence. The court attached a copy of the signed plea agreement to its order.
Under section 782.04(2), Florida Statutes, murder in the second degree is a felony of the first degree. The guidelines scoresheet improperly classifies the charge to which appellant pleaded guilty as a life felony rather than a felony of the first degree. However, the plea agreement signed by appellant states a specific term of 16 years incarceration for the reduced charge of second degree murder. Because appellant entered into a negotiated plea and sentence, his proper remedy in challenging the guidelines scoresheet, which may or may not have been the basis for the negotiated 16 year sentence, is a motion to withdraw his plea.
Accordingly, the order is affirmed.
SMITH and SHIVERS, JJ., concur.