512 So.2d 1021 (1987)
John Garland SHULL, Appellant,
v.
STATE of Florida, Appellee.
No. BR-329.
District Court of Appeal of Florida, First District.
September 1, 1987.
Stay of Mandate Denied; Certification Granted September 29, 1987.
John Garland Shull, pro se.
Robert A. Butterworth, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
John Garland Shull appeals the trial court's summary denial of his motion for post-conviction relief. He pled guilty to grand theft and was sentenced to ten years' imprisonment, a departure from the recommended guidelines sentence. This Court affirmed, holding that the trial court did not err in considering habitual offender status as a reason for departure under the guidelines. Shull v. State, 481 So.2d 1294 (Fla. 1st DCA 1986). However, the cause *1022 was remanded for the trial court to provide its reasons in writing, in compliance with rule 3.701(d)(11), Florida Rules of Criminal Procedure, even though the court had made written findings in the order sentencing Shull as a habitual felony offender.
Subsequently, on December 19, 1986, Shull filed his motion for post-conviction relief alleging as error the trial court's use of his habitual felony offender status as a reason to depart, citing in support the supreme court's recent decision in Whitehead v. State, 498 So.2d 863 (Fla. 1987). Nonetheless, in its order denying relief, the trial court found that "it affirmatively appears from the record that [Shull] is not entitled to relief." We disagree.
Just recently, this Court interpreted the supreme court's decision in Bass v. State, 12 FLW 289 (Fla. June 11, 1987), as authorizing a defendant to attack his departure sentence by post-conviction motion under rule 3.850 on the grounds enunicated in Whitehead, despite the district court's approval of that reason on direct appeal, in circumstances where, as here, neither the defendant, his attorney, the trial court, nor the district court of appeal were aware that the departure sentence was illegal. See Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987). Accordingly, we reverse the trial court's denial of Shull's motion for post-conviction relief and remand for further proceedings consistent with our decision in Hall.
REVERSED and REMANDED for further proceedings.
JOANOS and ZEHMER, JJ., concur.

ON MOTION FOR STAY OF MANDATE AND SUGGESTION OF CERTIFICATION
PER CURIAM.
The Appellee/State's motion for stay of mandate is denied; however, we grant the suggestion for certification and do hereby certify to the Florida Supreme Court the same issue previously certified to it in Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987), rev. pending, Case No. 71,078, to wit:
IS APPELLANT PERMITTED TO ATTACK COLLATERALLY THE LEGALITY OF HIS GUIDELINES DEPARTURE SENTENCE BY RULE 3.850 MOTION FOR POST-CONVICTION RELIEF ON THE BASIS THAT THE SOLE REASON FOR DEPARTURE, HIS STATUS AS A HABITUAL OFFENDER, ALTHOUGH VALID UNDER A LOWER APPELLATE COURT DECISION AT THE TIME IMPOSED, IS INVALID UNDER A SUBSEQUENTLY ISSUED SUPREME COURT DECISION ENUNCIATING A DIFFERENT CONSTRUCTION OF THE SENTENCING STATUTES AND SENTENCING GUIDELINES RULE?
JOANOS, WIGGINTON and ZEHMER, JJ., concur.