522 So.2d 816 (1988)
Peter WINTERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 70164.
Supreme Court of Florida.
February 25, 1988.
Rehearing Denied May 2, 1988.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Kenneth Muszynski and William A. Hatch, Asst. Attys. Gen., Tallahassee, for respondent.
BARKETT, Justice.
This case is before us on the following certified question posed in Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986):
Is the habitual offender statute still an effective basis on which to exceed the statutory maximum as long as the sentence imposed does not exceed the guidelines recommendation?
Id. at 305. We answer in the affirmative and approve the result reached below.
Petitioner was convicted of attempted unarmed robbery, which carries a maximum penalty of five years in prison. Because of petitioner's prior record of at least four felony convictions, the guidelines recommended seven to nine years imprisonment. In order to impose the guidelines sentence, which exceeded the statutory maximum, the trial judge applied the habitual offender statute, section 775.084, Florida Statutes (1985). In this way, the statutory maximum effectively was extended from five to ten years. The district court affirmed. 500 So.2d at 305.
Both parties agree that the certified question addresses an issue left unresolved in Whitehead v. State, 498 So.2d 863 (Fla. 1986), and both argue that Whitehead supports their respective positions.
The central premise underlying Whitehead is that any conflict between the habitual offender statute and the sentencing guidelines must be resolved in favor of the guidelines and their policies. See id. at *817 865. Thus, we held in Whitehead that a defendant's status as an habitual offender did not justify a departure from the recommended guidelines sentence, since to hold otherwise would eviscerate the policy of uniformity underlying the guidelines:
[S]uch sentences would be disproportionately harsh when compared to the sentences of other offenders who have committed similar crimes and have similar criminal records but were not subjected to habitual offender proceedings. Such a result would be contrary to the explicit purpose of the sentencing guidelines which is to "eliminate unwarranted variation in the sentencing process."
Id. at 866 (citation omitted). Moreover, we found that allowing departure based on habitual offender status would result in some similarly situated defendants receiving a "double enhancement" while others would not. Such unequal treatment was impermissible, particularly in light of our finding that the legislative goals of enhancing punishment for offenders with prior records were fully met by the enactment of the guidelines. Id. at 865.
The issue presented here, however, is not inconsistency with the guidelines. On the contrary, the extended statutory maximum established by section 775.084, Florida Statutes, actually means that the full guidelines recommendation can be imposed. As we recently stated in Carawan v. State, 515 So.2d 161 (Fla. 1987), this Court's obligation is to give effect to two separate statutes to the extent they may be construed as having mutually consistent fields of operation. See Wakulla County v. Davis, 395 So.2d 540, 542 (Fla. 1981); Oldham v. Rooks, 361 So.2d 140, 143 (Fla. 1978); State ex rel. School Board of Martin County v. Department of Education, 317 So.2d 68, 72 (Fla. 1975).
There being no conflict between the statutes in this context, it is presumed that the legislature intended both to have effect. See Oldham, 361 So.2d at 143. Moreover, to preclude application of the habitual offender statute in these circumstances would defeat the very uniformity that Whitehead concluded was of overriding importance. 498 So.2d at 866.
We recognize that some of the language of Whitehead created the impression that the habitual offender statute had been repealed by implication. To the extent that section 775.084 was used to depart from the guidelines recommendation, this is true. However, the habitual offender statute remains viable for the purpose of extending the statutory maximum in a manner consistent with the guidelines.
We do not address the other issue raised by petitioner, which is beyond the scope of the certified question.
The district court's opinion is approved.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
OVERTON, J., concurs in result only.