523 So.2d 620 (1988)
Joseph Edward ROWE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-4.
District Court of Appeal of Florida, Second District.
February 26, 1988.
On Motion for Rehearing March 30, 1988.
THREADGILL, Judge.
Joseph Edward Rowe appeals the summary denial of his motion to correct sentence. We affirm.
Rowe is serving several separate but concurrent sentences imposed in Pinellas County. In March, 1985, he was convicted by a jury of grand theft. The state thereupon announced its intent to seek a ten-year sentence, after determining that Rowe qualified as a habitual felony offender.[1] Having been placed on notice of the likelihood of enhancement of the theft sentence, Rowe negotiated a plea to the remaining charges for a total of ten years, to run *621 concurrently. Rowe did not contest the habitual offender adjudication.
Rowe now claims, first, that the overall ten-year sentence was based upon a guideline scoresheet error. Among the errors he alleges is that the presumptive sentence was calculated under the more severe "robbery" category[2] (based on the offense charged), when it should have been computed under the "theft" category[3] (the actual offense of conviction). Rowe also claims that points for "legal constraint" were added because of a mistaken belief that he was on parole at the time of the sentence, and that too many points were awarded for "prior record."
We begin our analysis by noting that at the time these sentences were imposed an upward departure from the presumptive guideline sentence could be based upon the finding that the defendant was a habitual offender. See, e.g., Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984). Not until 1986 did the supreme court hold otherwise. Whitehead v. State, 498 So.2d 863 (Fla. 1986). Thus the departure in Rowe's case, had it been appealed in timely fashion, would have been sustained. This court has since held that Whitehead is not to be applied retroactively to habitual offender sentences which became final prior to the announcement of that decision. Cusic v. State, 512 So.2d 309 (Fla. 2d DCA 1987); McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987). In other words, a guideline departure based upon the habitual offender statute is not an illegal sentence per se. The First District Court of Appeal appears to hold otherwise. Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987).
Additionally, it has long been recognized that a guideline departure can be sustained if it is the product of a plea bargain. See, e.g., Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987). We recognize that a court is not authorized to impose an unlawful sentence just because the defendant agrees to it. Williams v. State, 500 So.2d 501 (Fla. 1986). However, this case is distinguishable from Williams in that both parties engaged in give and take. Rowe gave up his right to trial on the remaining charges in exchange for the certainty of a ten-year total sentence, while the state gave up whatever chance it might have had to ensure Rowe's detention far beyond ten years. After examination of the record in the present case we are convinced that the trial court would have imposed the same sentence notwithstanding any possible scoresheet errors. Thus resentencing is not required. Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987); Brown v. State, 507 So.2d 764 (Fla. 1st DCA 1987).
Rowe's final prayer for relief concerns the plea bargain itself. He believes that this bargain should be vacated because it was founded in a material mistake of fact and law. We cannot agree. It is true that a claim of ineffective counsel can be predicated upon erroneous advice in the sentencing guidelines context. See, e.g., Lucas v. State, 461 So.2d 260 (Fla. 1st DCA 1984). The failure to object to known scoresheet miscalculations might qualify as ineffective assistance if the defendant is prejudiced by counsel's omission. Pettway v. State, 502 So.2d 1353 (Fla. 2d DCA 1987). However, as with any other claim of ineffective assistance, the movant must at least allege that the outcome  in this instance the sentence  would have been different but for the blunders of counsel. Morris v. State, 493 So.2d 19 (Fla. 5th DCA 1986). Where it is clear from the record that a departure from the guidelines was intended, based upon criteria that were lawful at the time of sentencing, it is not enough to show, as Rowe has tried to do, what the presumptive guideline sentence would have been. Instead we find that counsel's decision to recommend the plea bargain, once Rowe was locked into the initial ten-year sentence, conceivably prevented Rowe from serving an even greater number of years. We do not believe that counsel should be faulted for failing to anticipate that the supreme court would eventually invalidate the principal reason *622 employed by Rowe's trial judge to exceed the guidelines.
We do note that, again, the first district appears to offer some support for Rowe's arguments regarding the lawfulness of his sentence. In Taylor v. State, 512 So.2d 304 (Fla. 1st DCA 1987), the defendant, prior to the Whitehead decision, was convicted of armed burglary and the state threatened to invoke the habitual offender act. Rather than face the possibility of a life sentence Taylor agreed to accept a fifteen-year sentence in lieu of the guideline recommendation of twelve years. Finding that the sole inducement for Taylor's agreement to the departure sentence was the avoidance of a more severe, but unlawful, sentence, the court analogized the situation to Williams and directed that Taylor be sentenced pursuant to the guideline recommendation. Fortuitously for Taylor, the Whitehead decision appears to have issued while his judgment and sentence were being appealed; the issue did not arise, as do Rowe's grievances, via rule 3.800(a) well after the time for appeal had elapsed.
Affirmed.
CAMPBELL, A.C.J., and FRANK, J., concur.

ON MOTION FOR REHEARING
In his motion for rehearing Rowe urges us to revisit our holding of February 26, 1988, wherein this court declined to invalidate a sentence imposed pursuant to the habitual offender statute.[1a] He argues that we are in direct conflict with Shull v. Dugger, 515 So.2d 748 (Fla. 1987). We disagree.
In Shull the supreme court affirmed the principle that when an appellate court finds all of the reasons furnished by a trial court in support of a guidelines departure to be invalid, resentencing must be within the presumptive guidelines range. That was the position taken by this court even before Shull. See, e.g., Royal v. State, 508 So.2d 1313 (Fla. 2d DCA 1987). We find no support in the Shull opinion for the result Rowe asks us to reach.
We do note the rather unusual procedural history of the Shull case. Shull's original habitual offender sentence was affirmed on direct appeal. Shull v. State, 481 So.2d 1294 (Fla. 1st DCA 1986).[2a] Subsequently Shull filed a motion for postconviction relief, renewing his attack on the sentence in light of Whitehead v. State, 498 So.2d 863 (Fla. 1987), in which the supreme court disapproved the invocation of the habitual offender statute as a basis for departing from the guidelines. The trial court denied this motion, Shull appealed, and the district court reversed. Shull v. State, 512 So.2d 1021 (Fla. 1st DCA 1987). See also, Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987).[3a] Upon suggestion by the state the district court certified the issue to the supreme court as being of great public importance. However, for reasons unclear from the eventual supreme court decision, the state declined to pursue the certified question and conceded Shull's entitlement to resentencing. Shull then petitioned the supreme court for a writ of habeas corpus, contending that his sentence (as reduced by the district court in the second appeal) had expired.
Even so we do not consider Shull to be precedent for abandoning our consistent position that invalid departure criteria must be attacked, if at all, on direct appeal. See, e.g., Trimble v. State, 511 So.2d 403 (Fla. 2d DCA 1987); Johnson v. State, 502 So.2d 1352 (Fla. 2d DCA 1987); Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986). These cases, in turn, are grounded in long-established precedent to the effect the postconviction procedures set forth in rule 3.850 are intended neither as a second appeal nor as a substitute for appeal. McCrae v. State, 437 So.2d 1388 (Fla. 1983).
*623 It must be remembered that the district court's opinion ordering Shull's resentencing became final once the state declined to seek further review in the supreme court. There was no lawful basis to reinstate the habitual offender sentence, regardless whether that sentence was or was not per se unlawful. Although we do not quarrel with Shull's choice of habeas corpus as an appropriate remedy, a motion to enforce the appellate court's mandate would have served the same purpose. See, e.g., State v. Christian, 463 So.2d 264 (Fla. 2d DCA 1984). As for the supreme court's reason for accepting rather than transferring the petition, as noted above this case involved an additional issue of great importance, regarding the trial court's power to invent totally new departure reasons once all its original reasons were disapproved on appeal.
Rowe's motion would have us take Shull at least one step farther and hold that the supreme court has now given prisoners carte blanche to relitigate all cases involving departure criteria of questionable validity which either were not appealed or which were affirmed based on case law as it existed at the time. That we cannot do.
Alternatively Rowe urges that the practical effect of the Whitehead decision is that habitual offender sentences are fundamentally unlawful. We have previously rejected the suggestion that Whitehead was intended to have retroactive application. McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987). To so hold would effectively require a determination that the habitual offender statute was repealed upon the enactment by the legislature of sentencing guidelines. New law from the supreme court defeats this conclusion. Immediately prior to the release of our opinion in this case, and not published until after our opinion had issued, the supreme court decided Winters v. State, 522 So.2d 816 (1988). There the defendant was convicted of attempted robbery, which carries a maximum sentence of five years. Because of his serious prior felony record, however, the recommended guideline sentence fell within the seven to nine year range. Only by declaring Winters a habitual offender could the trial judge impose a sentence in harmony with the guideline recommendation. In upholding this disposition, the supreme court recognized "that some of the language of Whitehead created the impression that the habitual offender statute had been repealed by implication." However, they went on to find that the statute "remains viable for the purpose of extending the statutory maximum in a manner consistent with the guidelines."
We take this to mean that habitual offender adjudications do not result in sentences that are per se unlawful. Winters, like Whitehead, would operate to Rowe's benefit if the sentence were before this court on direct appeal today. However, in the context of postconviction proceedings, we view the decision as fatal to Rowe's argument. Rowe was sentenced in accordance with a statute which the supreme court has reaffirmed was valid. His quarrel, if any, is with the application of that statute to the facts of his case, an application to which he did not object at the time.
Finally, even if Rowe's habitual offender sentence were vacated, we cannot say the eventual outcome of the case would be different. The enhanced sentence, which is ten years in duration, was imposed for the offense of grand theft. Immediately afterward Rowe plea bargained for a concurrent sentence, also ten years in length, which did not involve the habitual offender statute. In order for his motion to have any practical benefit, Rowe would have to vacate this sentence as well. As stated in our original opinion, Rowe attributes this second ten-year sentence to ineffective advice by trial counsel. We reaffirm that he has not set out a prima facie case. He expects little short of clairvoyance from his attorney, a talent that the sixth amendment does not require.
Rehearing denied.
CAMPBELL, A.C.J., and FRANK, J., concur.
NOTES
[1] § 775.084, Fla. Stat. (1985).
[2] Fla.R.Crim.P. 3.988(c).
[3] Fla.R.Crim.P. 3.988(f).
[1a] § 775.084, Fla. Stat. (1985).
[2a] The trial court did fail to comply with Fla.R. Crim. P. 3.701(d)(11), regarding written reasons for departure, and the case was remanded for this purpose.
[3a] We have previously expressed our disagreement with Hall, in the original opinion entered in this case.