PER CURIAM.
Barry Paul Gilmore appeals the denial of his motion to correct sentence. Gilmore contends he was sentenced illegally because the trial judge departed from the recommended guideline sentence for the sole reason that Gilmore was an habitual offender. Gilmore did not appeal his departure sentence. Subsequently, our supreme court decided Whitehead v. State, 498 So.2d 863 (Fla.1986), which held that the habitual offender statute is not an exemption to the sentencing guidelines and does not furnish a basis for exceeding the recommended guideline sentence.
In his motion to correct sentence, Gilmore sought to retroactively claim the benefit of Whitehead. We have previously held that Whitehead should not be applied *417 retroactively. Rowe v. State, 523 So.2d 620 (Fla. 2d DCA 1988); Cusic v. State, 512 So.2d 309 (Fla. 2d DCA 1987); McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987).
We affirm and again certify conflict with Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987).
RYDER, A.C.J., and CAMPBELL and LEHAN, JJ., concur.