534 So.2d 1147 (1988)
Greg Edward CUSIC, Petitioner,
v.
STATE of Florida, Respondent.
No. 71268.
Supreme Court of Florida.
November 17, 1988.
*1148 Greg Edward Cusic, Sneads, in pro per.
Robert A. Butterworth, Atty. Gen., and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
Pursuant to article V, section 3(b)(3) of the Florida Constitution, we review Cusic v. State, 512 So.2d 309 (Fla. 2d DCA 1987), because of conflict with Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987).
Contemporaneous with the issuance of the instant opinion, this Court has quashed the opinion of the First District Court of Appeal in Hall. Relying upon McCuiston v. State, 534 So.2d 1144 (Fla. 1988), also issued on this date, we held that a guidelines departure sentence predicated upon habitual offender status can not be collaterally attacked by motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Hall and McCuiston differ from the instant case only with respect to the fact that Cusic's motion was filed under Florida Rule of Criminal Procedure 3.800(a), which reads:
A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.
The words "or an incorrect calculation made by it in a sentencing guidelines scoresheet" were added to this rule in State v. Whitfield, 487 So.2d 1045 (Fla. 1986), so as to permit collateral attack if the sentencing guidelines scoresheet was erroneously computed.
Cusic does not complain of an incorrect calculation in his sentencing guidelines scoresheet. While a guidelines departure because of habitual offender status is no longer permissible under Whitehead v. State, 498 So.2d 863 (Fla. 1986), that sentence was legal when it was rendered. Because Whitehead does not have retroactive application, McCuiston, Cusic is not entitled to postconviction relief.
We approve the decision of the Second District Court of Appeal.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.