534 So.2d 1144 (1988)
Timmy Ray McCUISTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 70706.
Supreme Court of Florida.
November 17, 1988.
Rehearing Denied January 13, 1989.
*1145 Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
We review McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987), because of conflict with Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987), and Frierson v. State, 511 So.2d 1016 (Fla. 5th DCA 1987). Jurisdiction is predicated upon article V, section 3(b)(3), Florida Constitution.
McCuiston was convicted of robbery. The trial court imposed a sentence above the guidelines recommendation on the basis that McCuiston had been declared to be an habitual felony offender. The Second District Court of Appeal affirmed this ruling, holding "that sentencing as an habitual offender constituted a clear and convincing reason for departing from the guidelines." McCuiston v. State, 462 So.2d 830, 831 (Fla. 2d DCA 1984) (on motion for rehearing). Thereafter, this Court in Whitehead v. State, 498 So.2d 863 (Fla. 1986), held that finding a defendant to be an habitual offender is not a legally sufficient reason for departing from the recommendation of the sentencing guidelines. McCuiston then filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, asserting the illegality of his sentence. The motion was denied. The Second District Court of Appeal pointed out that the sentence McCuiston received was valid when it was imposed and became final but could not have been properly imposed after the Whitehead decision. The court concluded that Whitehead did not have retroactive application and affirmed the denial of McCuiston's 3.850 motion.
The defendant in Hall found himself in an identical posture, except that by the time his appeal from the denial of the motion for postconviction relief was decided by the First District Court of Appeal, this Court had rendered its decision in Bass v. State, 12 F.L.W. 289 (Fla. June 11, 1987), withdrawn on reh'g, 530 So.2d 282 (Fla. 1988). The sentences imposed upon Bass included the stacking of minimum mandatory three-year terms. After Bass' sentence became final, this Court in Palmer v. State, 438 So.2d 1 (Fla. 1983), held that such stacking was illegal. The effect of the Bass decision was to hold that Bass could challenge his sentence by way of a motion for postconviction relief even though Palmer was decided after Bass' sentence became final.
In Hall, the First District Court of Appeal stated:
We have experienced some difficulty discerning the precise effect of the holding in Bass on the issue before us. The decision appears to be based exclusively on the legal principle that the court's construction of a statute gives it meaning from the inception of the statute (unless otherwise specified in the decision) to the complete exclusion of the legal doctrines of law of the case and the correlative concept of finality of decisions. Ordinarily, a decision which has become final based upon a certain construction of a statute may not thereafter be reopened and readjudicated because of a changed construction of that statute. Bass holds, however, that a different rule applies in respect to criminal sentences because of the explicit language in rule 3.850 which permits appellate review of a sentence that exceeds the limits *1146 provided by the sentencing guidelines law at any time.
511 So.2d at 1042 (footnotes omitted). The court concluded that the rationale of Bass dictated that because of the subsequent guidelines interpretation rendered by this Court in Whitehead, Hall was entitled to relief by way of a motion under rule 3.850.
On similar facts, the Fifth District Court of Appeal reached the same result in Frierson. The court read Whitehead to say that the habitual offender statute had been repealed by the guidelines legislation and reasoned that any sentence raised beyond the original statutory maximum by virtue of habitual offender status was illegal.
Subsequent to the rendition of all of the foregoing opinions, a further development took place which substantially affects the outcome of our decision. On September 1, 1988, this Court, on rehearing, withdrew its opinion in Bass and substituted a new opinion in lieu thereof. We maintained our position that Bass was entitled to relief but did so only on the basis that Palmer should be deemed to have retroactive application. That portion of our original opinion placing in doubt lower appellate court constructions of sentencing statutes until approved or overruled by the Supreme Court which puzzled the First District Court of Appeal in Hall is not contained in our new opinion. Therefore, the determination of whether Whitehead has retroactive application should be decided upon traditional principles pertaining to changes in decisional law.
In Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), this Court held that to be cognizable under a motion for postconviction relief, a change in decisional law must be a fundamental and constitutional change. We observed that most major constitutional changes in the law are either (1) those which place beyond the authority of the state the power to regulate certain conduct or to impose certain penalties, or (2) those changes which meet the threeprong test for retroactivity set forth in Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967).[1] We then stated:
In contrast to these jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
387 So.2d at 929-30 (footnote omitted).
Applying the principles of Witt, we conclude that the decision in Whitehead was an evolutionary refinement of the law and not one which should have retroactive application. After the sentencing guidelines were adopted in 1983, district courts of appeal were faced with many decisions concerning the propriety of reasons given for departing from the guidelines recommendations. Some of the reasons were approved, and others were disapproved. When the several guidelines decisions ultimately reached this Court, we disapproved as a legitimate basis for departure some of the reasons which had been found acceptable by the district courts of appeal. The fact that a defendant had been held to be an habitual offender was one of these.[2]
In Rowe v. State, 523 So.2d 620 (Fla. 2d DCA 1988), the Second District Court of Appeal recently reaffirmed its earlier position *1147 taken in McCuiston. The Rowe opinion pointed out that this Court's recent decision in Winters v. State, 522 So.2d 816 (Fla. 1988), lends support to the conclusion that Whitehead should not be given retroactive effect.[3] In Winters, we held that the habitual offender statute could still be employed to raise the maximum statutory penalty as long as the sentence imposed did not exceed the guidelines recommendation. In reaching this decision, we said:
We recognize that some of the language of Whitehead created the impression that the habitual offender statute had been repealed by implication. To the extent that section 775.084 was used to depart from the guidelines recommendation, this is true. However, the habitual offender statute remains viable for the purpose of extending the statutory maximum in a manner consistent with the guidelines.
522 So.2d at 817. Thus, it is clear that McCuiston's sentence was not illegal, per se, as being above the statutory maximum.
Our analysis of this issue is similar to that employed in Kiser v. State, 505 So.2d 9 (Fla. 1st DCA 1987), in which the trial judge had based the departure sentence on the defendant's long prior record. After the district court of appeal had affirmed the sentence, this Court decided Hendrix v. State, 475 So.2d 1218 (Fla. 1985), which held that a prior criminal record is an improper basis for departure. The defendant then filed a motion for postconviction relief, contending that this change in the law required that his sentence be reversed. In affirming the denial of the defendant's motion, the district court of appeal applied the principles of Witt and held that the decision in Hendrix was not a fundamental and constitutional change in the law which cast serious doubt on the veracity or integrity of the original trial proceeding. In its decision in Hall, the First District Court of Appeal later receded from Kiser, but only because the court believed that it was mandated to do so by the language of the original Bass opinion which was later withdrawn on rehearing.
Accordingly, we approve the opinion of the district court of appeal in the instant case. We disapprove the opinions in Hall and Frierson.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[1] The three aspects of the Stovall test are: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect on the administration of justice of a retroactive application of the new rule.
[2] Prior to Whitehead, at least three district courts of appeal had upheld departures predicated upon the habitual felony offender status of the defendant. Holt v. State, 472 So.2d 551 (Fla. 1st DCA 1985); Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984); Gann v. State, 459 So.2d 1175 (Fla. 5th DCA 1984).
[3] We also agree with the Rowe analysis that our decision in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), did not purport to decide the question before us in the instant case.