GRIMES, Justice.
Pursuant to article V, section 3(b)(5) of the Florida Constitution, we review Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987), in which the First District Court of Appeal certified to us the following question as an issue of great public importance:
IS APPELLANT PERMITTED TO COLLATERALLY ATTACK THE LEGALITY OF HIS GUIDELINES DEPARTURE SENTENCE BY RULE 3.850 MOTION FOR POST-CONVICTION RELIEF ON THE BASIS THAT THE SOLE REASON FOR DEPARTURE, HIS STATUS AS A HABITUAL OFFENDER, ALTHOUGH VALID UNDER A LOWER APPELLATE COURT DECISION AT THE TIME IMPOSED, IS INVALID UNDER A SUBSEQUENTLY ISSUED SUPREME COURT DECISION ENUNCIATING A DIFFERENT CONSTRUCTION OF THE SENTENCING STATUTES AND SENTENCING GUIDELINES RULE?
Id. at 1044.
In McCuiston v. State, 534 So.2d 1144 (Fla.1988), issued contemporaneously herewith, we disapproved the opinion of the First District Court of Appeal in Hall, predicated as it was on the rationale of our original opinion in Bass v. State, 12 F.L.W. 289 (Fla. June 11, 1987), which was withdrawn on rehearing, 530 So.2d 282 (Fla.1988). Therefore, we answer the certified question in the negative and quash the opinion below.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, SHAW, BARKETT and KOGAN, JJ., concur.