GRIMES, Justice.
Pursuant to article V, section 3(b)(4), Florida Constitution, we review Gilmore v. State, 528 So.2d 416 (Fla. 2d DCA 1988), because of certified conflict with Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987).
On November 17, 1988, this Court quashed the opinion of the First District Court of Appeal in Hall. On the same date, we issued an opinion in McCuiston v. State, 534 So.2d 1144 (Fla.1988), in which we held that a guidelines departure sentence predicated upon habitual offender status cannot be collaterally attacked by motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Hall and McCuiston differ from the instant case only with respect to the fact that Gilmore’s motion was filed under rule 3.800(a) rather than under rule 3.850 of the Florida Rules of Criminal Procedure.
The instant case is controlled by Cusic v. State, 534 So.2d 1147 (Fla.1988), which was also a case involving a motion seeking the same relief filed under rule 3.800(a). As we explained in Cusic, that rule applies when there was an incorrect calculation in the sentencing guidelines scoresheet or an illegal sentence.
Gilmore does not complain of an incorrect calculation in his sentencing guidelines scoresheet. While a guidelines departure because of habitual offender status is no longer permissible under Whitehead v. State, 498 So.2d 863 (Fla.1986), that sentence was legal when it was rendered. Because Whitehead does not have retroactive application, McCuiston, Gilmore is not entitled to postconviction relief.
We approve the decision of the Second District Court of Appeal.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, BARKETT and KOGAN, JJ., concur.