ON MOTION FOR REHEARING

Paul David Sloan has moved for rehearing of our per curiam affirmance of the denial of his 3.800 motion alleging that his departure sentence is illegal because the reasons for departure, though acceptable at the time of the sentence, were declared invalid in subsequent supreme court decisions.
Because we can understand Sloan’s perplexity in facing a sentence not appropriate for later offenders, we have decided to grant rehearing in order to explain to him the basis of our ruling.
Sloan’s position is basically the same position as adopted by the court in Hall v. State, 511 So.2d 1038 (Fla. 1st DCA1987), quashed, 534 So.2d 1144 (Fla.1988):
It would be inherently unjust to allow the imposition of an illegal sentence without providing a mechanism to attack that sentence, simply because courts were unaware *1092 of its illegality at the time of the imposition of sentence.
Hall, 511 So.2d at 1041.
But this position was rejected by the supreme court in McCuiston v. State, 534 So.2d 1144 (Fla.1988), adopting the reasoning employed in Witt v. State, 387 So.2d 922, 929-30 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980):
In contrast to these jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgment of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishment uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
McCuiston, 534 So.2d at 1146.
The supreme court also discussed its prior decision in Whitehead v. State, 498 So.2d 863 (Fla.1986) (invalidating departures based on habitual offender status), and concluded:
Applying the principles of Witt, we conclude that the decision in Whitehead was an evolutionary refinement of the law and not one which should have retroactive application.
McCuiston, 534 So.2d at 1146.
We conclude, based on McCuiston, that the subsequent holdings of the supreme court invalidating the reasons for departure relied on by the trial court as valid reasons for departing in Sloan’s case are evolutionary refinements of the law which should not be applied retroactively.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.