BARKDULL, Judge.
Appellant seeks review of a summary denial of a rule 3.800 motion. For the following reasons we affirm.
*713 Defendant was convicted on three counts of grand theft and placed on community control. Defendant’s recommended guideline sentence was two and one-half to three and one-half years. The trial court, in placing defendant on community control, deviated downward one cell from the recommended guideline sentence. Defendant violated his community control and on October 7, 1986, was ordered to serve five years in prison on each of the three grand theft counts. This sentence constituted a two cell upward departure from the recommended guideline sentence. The trial court set forth, in writing, five reasons for imposing the departure sentence; 1) that the court had deviated downward when placing defendant on community control; 2) that defendant was found to have been in a place where drugs were sold; 3) that defendant was found to have been in possession of a weapon; 4) that defendant was found to have used cocaine; and, 5) that defendant had failed to report to his community control officer. The trial court further stated that it had not taken into consideration defendant’s outstanding murder charge in sentencing defendant for the community control violations. On October 9, 1986, defendant was convicted by a jury of second degree murder with a knife. The trial court scored defendant on a number one score sheet. Defendant was scored with the murder conviction as the primary offense and the three grand thefts as prior offenses. The sentence imposed was within the recommended range as set forth by the number one score sheet.
Defendant argues that the trial court improperly sentenced him for community control violations where he was awaiting trial for second degree murder. Defendant states that the trial court should have deferred sentencing in the community control cases until after he was convicted on the murder charge and then sentenced him, using the community control score sheet, in the community control cases and the murder case simultaneously. Defendant justifies this argument by stating that the murder case was pending in the trial court when he was sentenced for violation of community control and that the trial court had an obligation to simultaneously sentence him on all matters pending before the court.
Defendant’s murder charge does not meet the definition of “pending” for purposes of simultaneous sentencing. “[A]n offense should not be considered as “pending” before the trial court for sentencing unless a verdict of guilt or a plea of guilty or nolo contendere has been obtained.” Clark v. State, 572 So.2d 1387, 1392-93 (Fla.1991). Defendant was not tried or found guilty on the murder count until after sentencing on the community control violations. The trial court did not err in not simultaneously sentencing defendant for the community control violations and the murder count.
Assuming, which we don’t, that defendant’s murder count was “pending,” failure to simultaneously sentence defendant in the community control cases and the murder case was not error. The trial court was not required to automatically defer, sentencing in the community control cases until the conclusion of defendant’s murder case. Defendant had the burden of requesting simultaneous sentencing, and defendant fails to point to any such request. “The burden falls on the defendant to assert a desire for simultaneous sentencing.... This [defendant] failed to do. Accordingly, the issue is now proeedurally barred.” Id., at 1391. The trial court did not err in not simultaneously sentencing defendant for the community control violations and the murder count where defendant failed to make the required request for simultaneous sentencing.
Defendant argues that the trial court should have made use of the same score sheet when sentencing him in the community control cases and the murder case. Defendant states that had the trial court used the community control score sheet his point totals would have been lower, thus he would have received a shorter recommended sentence than the actual sentence imposed.
Defendant’s argument relies upon his faulty interpretation of the law controlling “pending” cases. As we have previously demonstrated, defendant’s murder case was not “pending” for sentencing at the time he was sentenced for violation of community control. Since the trial court was not obliged *714 to sentence defendant simultaneously in the community control and murder cases, the trial court properly utilized separate score sheets in each case. Clark, 572 So.2d 1387.
Defendant argues that the trial court’s reasons for departing from the sentencing guidelines, in the community control cases, were invalid reasons for imposing a departure sentence, thus his sentence is an illegal departure sentence. Further, defendant argues that invalid reasons for departure, obvious on the face of the record, constitute fundamental error which may be raised at any time.
In Early v. State, 516 So.2d 24 (Fla. 3d DCA 1987), this court, recognizing that there was conflict between the districts, held that a defendant may raise, for the first time by rule 3.800 motion, the propriety of the trial court’s reasons for imposing a departure sentence. See also Jones v. State, 599 So.2d 769 (Fla. 1st DCA 1992); Hansbrough v. State, 523 So.2d 1264 (Fla. 5th DCA 1988). But see Brintley v. State, 596 So.2d 1270 (Fla. 2d DCA 1992); Trimble v. State, 511 So.2d 403 (Fla. 2d DCA 1987). Subsequent to Early the Florida Supreme Court handed down decisions in McCuiston v. State, 534 So.2d 1144 (Fla.1988) and Cusic v. State, 534 So.2d 1147 (Fla.1988). For the following reasons we hold that McCuiston and Cusic have, although not expressly stating so, overruled Early.
In McCuiston and Cusic the court addressed the following issue: Whether a sentence which was a departure from the recommended sentencing guidelines may be collaterally attacked, by motion for post conviction [1] relief, where the reasons given for the departure were valid at the time the sentence was imposed, but have subsequently been held to be invalid.
In both McCuiston and Cusic the court found that for subsequent changes in deci-sional law to be applied retroactively, and thus be cognizable on motion for post conviction relief, the subsequent change must be a fundamental, constitutional change and not merely an evolutionary refinement in the law. The McCuiston court, in explaining the principles to be applied to changes in decisional law, stated that:
In Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), this Court held that to be cognizable under a motion for post conviction relief, a change in decisional law must be a fundamental and constitutional change. We observed that most major constitutional changes in the law are either (1) those which place beyond the authority of the state the power to regulate certain conduct or to impose certain penalties, or (2) those changes which meet the three-prong test for retroactivity set forth in Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967).[2]
We then stated:
In contrast to these jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
McCuiston at 1146 (citation and footnote omitted).
The McCuiston court, turning to the issue presented, found that:
Our analysis of this issue is similar to that employed in Kiser v. State, 505 So.2d 9 (Fla. 1st DCA 1987), in which the trial judge had based the departure sentence on the defendant’s long prior record. After *715 the district court of appeal had affirmed the sentence, this Court decided Hendrix v. State, 475 So.2d 1218 (Fla.1985), which held that a prior criminal record is an improper basis for departure. The defendant then filed a motion for post conviction relief, contending that this change in the law required that his sentence be reversed. In affirming the denial of the defendant’s motion, the district court of appeal applied the principles of Witt and held that the decision in Hendrix was not a fundamental and constitutional change in the law which cast serious doubt on the veracity or integrity of the original trial proceeding.
McCuiston at 1147.
In both McCuiston and Cusic the court held that a sentence which is a departure from the recommended sentencing guidelines may not be collaterally attacked, by motion for post conviction relief, where the reasons given for the departure were valid at the time the sentence was imposed, but, have subsequently been held to be invalid.
Thus it is clear that Early is no longer good law because once a criminal conviction becomes final a defendant may not collaterally attack, by motion for post conviction relief, the trial court’s reasons for imposing a sentence .that departs from the sentencing guidelines. Evolutionary changes in deci-sional law which determine that a given reason for imposing a departure sentence is an improper reason for imposing a departure sentence will not be applied retroactively. McCuiston; Cusic.
In the ease at bar defendant argues that the trial court could not depart more than the statutorily authorized one cell bump[3] when sentencing him for violation of community control unless the reasons set forth for the departure would have supported the departure had the court imposed upon defendant that departure sentence in the first instance. This is an accurate reflection of the law as it exists today. See State v. Johnson, 585 So.2d 272 (Fla.1991); Williams v. State, 581 So.2d 144 (Fla.1991); Lambert v. State, 545 So.2d 838 (Fla.1989); Tito v. State, 593 So.2d 284 (Fla. 2d DCA 1992). However, the same was not true at the time defendant was sentenced. At the time defendant was sentenced the rule set forth in State v. Pentaude, 500 So.2d 526 (Fla.1987) was the controlling law, and the rule of Pen-taude expressly allowed for the departure sentence imposed upon defendant in the present action. Under the rule of Pentaude the trial court’s stated reasons for imposing the two cell “bump” were valid, thus the trial court properly departed from the recommended guideline sentence when sentencing defendant for violation of community control. Although Pentaude was subsequently overruled by Lambert, Pentaude continues to control defendant’s ease. See McCuiston; Cusic. We hold that the decision in Lambert “was not a fundamental and constitutional change in the law which cast serious doubt on the veracity or integrity of the original trial proceeding,” McCuiston at 1147, and we decline defendant’s invitation to apply Lambert retroactively.
For the forgoing reasons the trial court’s order is in all respects affirmed.
Affirmed.

. McCuiston filed his motion under Rule 3.850 of the Florida Rules of Criminal Procedure, and Cusic filed his motion under Rule 3.800 of the Florida Rules of Criminal Procedure.

. The three aspects of the Stovall test are: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect on the administration of justice of a retroactive application of the new rule.

. Fla.R.Crim.P. 3.701(d)(14).