496 So.2d 857 (1986)
Joseph Edward ROWE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1882.
District Court of Appeal of Florida, Second District.
September 26, 1986.
Rehearing Denied October 16, 1986.
*858 FRANK, Judge.
Joseph Rowe appeals from the trial court's summary denial of his motion for post-conviction relief. We affirm.
In March, 1985, Rowe entered into a negotiated plea which resulted in consecutive five-year sentences for burglary and grand theft. It was further agreed that the ten-year term would run concurrently with a ten-year sentence previously imposed in Pinellas County. Rowe now challenges the sentence on several grounds, including an attack upon a claimed departure from the sentencing guidelines.
We question at the outset whether Rowe has demonstrated that the sentence imposed upon him was the product of departure. Although he appears to have computed the presumptive sentence at five years, he neither reveals how he arrived at that determination nor whether he considered that the state had agreed to reduce the initial robbery charge in exchange for the plea. For the purpose of this appeal, however, we shall assume the trial court departed and we treat Rowe's contentions as true.
In the context of a post-conviction motion grounded upon an erroneous implementation of the sentencing guidelines, the principle has been generally followed that such error is reviewable only upon direct appeal and not in a Rule 3.850 motion. It is our view that two of Rowe's guideline-related points are inappropriately before us. Thus the assertion that the trial court based departure on impermissible reasons is barred by Wahl v. State, 460 So.2d 579 (Fla. 2d DCA 1984). That issue could have been reviewed on direct appeal and is not cognizable under Rule 3.850. Carter v. State, (Fla. 1st DCA 1986). Rowe correctly notes that a contemporaneous objection is not essential to an appeal from a trial court's failure to embody the reasons for departure in writing, but that issue, too, must be raised on appeal and not through a Rule 3.850 motion. State v. Whitfield, 487 So.2d 1045 (Fla. 1986). Accordingly, Rowe's failure to seek review of such error on appeal precluded the trial court from considering the issue. Chaplin v. State, 473 So.2d 842 (Fla. 1st DCA 1985). Furthermore, decisions which effect change in the application of the sentencing guidelines are not retroactively cognizable in post-conviction proceedings. Ardley v. State, 491 So.2d 1259 (Fla. 1st DCA 1986). At the time Rowe was sentenced, the failure to provide written reasons for departure did not necessarily constitute reversible error. See, e.g., Beal v. State, 478 So.2d 401 (Fla. 2d DCA 1985).
*859 The two remaining guideline issues deal with alleged scoresheet miscalculations leading to an excessive sentence. Rule 3.800(a) of the Florida Rules of Criminal Procedure, as amended by the Supreme Court in State v. Whitfield, permits the correction of that kind of error at any time. Nevertheless, we decline to remand this aspect of Rowe's appeal; the record conclusively demonstrates Rowe's lack of entitlement to relief on those grounds. It is well-established that a bargained-for sentence may exceed the guidelines. Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984). Here, the state not only reduced one charge from robbery to theft, it also abandoned an effort to procure an enhanced penalty under the habitual offender statute. Had the habitual offender statute been invoked, the trial court would have been empowered to impose a departure sentence far in excess of ten years. See Hale v. State, 490 So.2d 122 (Fla. 2d DCA 1986). We emphasize that Rowe's sentence stems from his own initiative, and not from any action of the trial court undertaken independently of the plea bargain.
Finally, Rowe maintains that no scoresheet was prepared prior to the departure. It is true that we have required the preparation of a guideline scoresheet. Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984). Such omission, however, does not necessarily describe a reversible error. For example, a departure may be affirmed even in the absence of a scoresheet if it is clear from the record that all parties were aware of the presumptive sentence. Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), pet. rev. denied, 471 So.2d 43 (Fla. 1985). Although the present record does not specifically indicate whether the parties discussed the presumptive sentence, it is our judgment that Rowe failed to demonstrate prejudice from the procedure that was followed. Moreover, there is a perceptible difference between a circumstance where the decision to depart originates with the trial court, and where, as here, the departure flows from the defendant's acceptance of the consensually arrived at sentence. Just as there exists the theoretical possibility that Rowe could have been penalized only to the extent of a five-year sentence, there is an equally significant likelihood that he could have received a forty year term. He gambled the certainty of the former against the chance of the latter; he has not demonstrated that he lost that gamble.
The non-guidelines issues presented in the motion are meritless. They are either facially insufficient (counsel's lack of preparation), specifically refuted by the record (promises of a more lenient sentence than that actually received), or are presented to us in an inappropriate form (denial of the right to appeal).
Affirmed.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.