511 So.2d 403 (1987)
Steven W. TRIMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1980.
District Court of Appeal of Florida, Second District.
July 31, 1987.
Rehearing Denied August 19, 1987.
PER CURIAM.
Steven W. Trimble appeals from the summary denial of his motion for postconviction relief. We affirm.
Trimble's conviction and sentence became final January 18, 1985, and the motion under review was filed May 26, 1987. The circuit court denied the motion because it was not filed within the two-year time limit imposed by Florida Rule of Criminal Procedure 3.850. Although comparable time constraints do not apply to Florida Rule of Criminal Procedure 3.800(a) which provides that a court may correct at any time an illegal sentence imposed by it, we, nevertheless uphold the denial of Trimble's motion.
In support of his motion to correct an illegal sentence, Trimble attacks the validity *404 of the reasons given by the trial court in support of its decision to depart from the recommended guidelines sentence. We have consistently held that invalid departure criteria must be contested, if at all, on direct appeal rather than in a motion for postconviction relief. Johnson v. State, 502 So.2d 1352 (Fla. 2d DCA 1987); Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986); Wahl v. State, 460 So.2d 579 (Fla. 2d DCA 1984).
Affirmed.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.