517 So.2d 77 (1987)
Thomas Alvin CONNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1312.
District Court of Appeal of Florida, Second District.
December 16, 1987.
Peter D. Ringsmuth, of Smith & Ringsmuth, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his sentence of nine years for sexual battery and lewd and lascivious assault imposed pursuant to the sentencing guidelines which were in effect at the time of his sentencing. Although the crime had occurred prior to the effective date of the guidelines, defendant elected guidelines sentencing. Defendant contends that the guidelines in effect at the time of his conviction should control. Defendant points out that his sentencing was delayed when the trial court ordered a new trial and the state appealed therefrom. This court reversed that order in State v. Connell, 478 So.2d 1176 (Fla. 2d DCA 1985). During that delay period the sentencing guidelines were amended and the recommended range for defendant's convictions was increased. We affirm.
The applicable guidelines are those in effect at the time of sentencing, State v. Jackson, 478 So.2d 1054 (Fla. 1985), unless an ex post facto violation would occur, see Miller v. Florida, 482 U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). No ex post facto violation occurred under the circumstances of this case because the guidelines recommended sentencing ranges under either the guidelines in effect at the time of defendant's conviction or those in effect at the time of his sentencing did not exceed the pre-guidelines maximum sentence of 30 years. That the recommended guidelines sentence increased during the time of state's appeal from the new trial order does not constitute an ex post facto violation. Nor can we say, as defendant contends, that defendant would necessarily have been sentenced under the prior guidelines if he had not appealed from that order.
*78 While defendant's argument has given us pause for thought, we do not conclude that the argument is consistent with the law or that, if adopted, it would provide an appropriate precedent for future cases, dependent as it is upon speculation as to when sentencing would occur.
Affirmed.
DANAHY, C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.