527 So.2d 914 (1988)
Mark PUTT, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1167.
District Court of Appeal of Florida, Third District.
June 28, 1988.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
Mark Putt appeals his sentence for aggravated battery. We affirm.
Putt contends that his sentence was a departure from the sentencing guidelines in that the recommended sentence for aggravated battery is twelve to thirty months incarceration or community control and that because he received a sentence of two years in the state prison followed by three years of probation (a split sentence totalling sixty months), the trial court had to provide clear and convincing reasons to support the alleged departure. He claims that since the court failed to state its reasons, the cause should be remanded either for re-sentencing within the guidelines range or for the trial court to enter written reasons for the departure. To support his claim, Putt cites State v. Van Kooten, 522 So.2d 830 (Fla. 1988) wherein the supreme court held that when a presumptive guidelines sentence directs community control or incarceration, the imposition of both represents a departure from the guidelines and requires proper written reasons. Putt urges us to extend the holding in that case to apply to a sentence such as he received. We disagree that Van Kooten controls this case.
The facts before us involve a sentence consisting of a prison term falling within the guidelines range and an additional probation term which brings the sentence within the fifteen-year statutory maximum for aggravated battery, a second-degree felony. § 784.045, Fla. Stat. (1987); § 775.082(3)(c), Fla. Stat. (1987). Florida Rule of Criminal Procedure 3.701(c)(12) *915 states that "the total sentence cannot exceed the total guideline sentence unless a written reason is given." The accompanying committee note on that rule provides:
If a split sentence is imposed (i.e. a combination of state prison and probation supervision) the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
Clearly the sentence met these requirements.
Nevertheless, Putt argues that as a result of Van Kooten, the combination of prison and probation may not exceed the guidelines maximum unless written reasons for departure are given. However, in Van Kooten, the supreme court addressed the guidelines only as they relate to imposition of a sentence combining incarceration and community control. The court held that the guidelines must be read as they are written and that, according to the guidelines, a sentence combining those two penalties requires written reasons for guidelines departure. The court observed, "Any change in that presumptive guideline must occur through appropriate legislative and court rule action, rather than by judicial construction." 522 So.2d at 831. Rule 3.701(d)(12) and the committee note applicable to it are equally clear in stating that a sentence such as that imposed here is not a departure sentence. Thus, based on Van Kooten, this court cannot construe the rule to require that reasons be given when the prison term ordered fell within the guidelines.
While we recognize that committee notes to rules are not binding, they are a valuable aid in the application of criminal rules. State v. Chappel, 308 So.2d 1 (Fla. 1975). In the case at hand, a reading of the history of the notes to the rule at issue buttresses our holding. The original note to the rule stated that if a split sentence of prison and probation was imposed, the total sanction could not exceed the maximum guidelines range. In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 852 (Fla. 1983). However, the committee ultimately rejected that reading of the rule as the current committee note illustrates. Consequently, as long as the term of incarceration falls within the guidelines, the only requirement as to length of probation is that, in combination with the prison term, it not exceed the sentence set by general law. Based on this straightforward application of the rule, the trial judge was not required to articulate reasons for the sentence imposed. Boylan v. State, 489 So.2d 110 (Fla. 4th DCA 1986).
Finally, Putt's contention that this court's holding in State v. Malone, 489 So.2d 213, 214 (Fla. 3d DCA 1986) supports his case is equally unpersuasive. In Malone, this court held that when a sentence consisting solely of probation is ordered in the face of guidelines which recommend incarceration or community control, such a sentence is a departure requiring written reasons. Again, the facts before us are distinguishable in that Putt received a split sentence which contained a term of incarceration falling within the guidelines range. Thus, no departure occurred.
Finding no merit in Putt's other issue on appeal, we accordingly affirm the sentence in all respects.