FRANK, Judge.
Nancy Ann Burns has appealed from the sentence and costs imposed following her plea of guilty to eight counts of grand theft, a second degree felony. We have thoroughly considered Bums’ arguments and find that her points concerning restitution, costs, attorney’s fees, and credit for time served have no merit. The sentencing issue she raises does, however, require discussion.
Burns contends, and the state concedes, that under the version of Rule 3.701(d)(12), Florida Rules of Criminal Procedure, and its attendant committee note in effect at the time she committed the thefts, the court imposed an illegal split sentence of three and one-half years of incarceration to be followed by thirty years of probation. The applicable committee note provided that: “If a split sentence is imposed (i.e. a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range.” Subsequently the note was amended to provide that the total sanction shall not exceed the term provided by general law, and this was the provision the judge apparently considered in sentencing Burns. The effect of the amendment, in this case, was to disadvantage the defendant, because the judge had attempted to sentence her within the guidelines and expressed no reasons, written or oral, that would suggest he intended to depart from the guidelines. Thus, the maximum split sentence she could have received without clear and convincing written reasons for departure, was three and one-half years. Miller v. Florida, — U.S. -, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), condemns a sentence imposed pursuant to a guidelines amendment effective subsequent to the commission of the offense; such sentence constitutes a prohibited ex post facto penalty if the change in the law disadvantages the defendant.
Accordingly, we vacate the sentence and remand for resentencing within the guidelines in effect at the time the crimes were committed.
RYDER, A.C.J., and LEHAN, J., concur.