PER CURIAM.
William Dreyer appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
In 1983 Dreyer was charged with three counts of grand theft. Thereafter, he entered a plea of guilty, in exchange for which the state agreed that the sentence would not exceed the guideline recommendation. The presumptive sentence was twelve to thirty months incarceration or community control. Dreyer was sentenced to eighteen months in prison followed by fifteen years probation. There was no direct appeal from the judgment and sentence. In August, 1987, Dreyer filed the motion which is the subject of the present appeal.
Dreyer maintains, and we agree, that the split sentence exceeded the guidelines as they existed at the time of sentencing. The original rule 3.701(d)(12), Florida Rules of Criminal Procedure, provided that “the total sentence” should not exceed the guidelines unless reasons for departure were articulated. According to the committee note this provision was intended to encompass split sentences. That is, whenever a split sentence was contemplated, the combined length of the incarcerative and probationary portions thereof could not exceed the total guideline range unless the court intended to impose a departure sentence. Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984), petition for review denied, 462 So.2d 1108 (Fla.1985). The supreme court did not delete this provision until 1985. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 —Sentencing Guidelines), 468 So.2d 220 (Fla.1985). Dreyer was sentenced March 27, 1984.
Having established that a guideline departure occurred, Dreyer then argues that he should be resentenced because the trial court failed to supply written reasons *735 in support of the departure, and because the sentence contravened the plea agreement. We cannot agree. While it is true that State v. Jackson, 478 So.2d 1054 (Fla. 1985), requires the compilation and filing of written reasons, this issue could have been raised on direct appeal and Dreyer’s failure to do so precludes him from making the argument at this time. Cf. Trimble v. State, 511 So.2d 403 (Fla. 2d DCA 1987) (validity of departure criteria must be argued on direct appeal). We recognize that Jackson was not decided until well after Dreyer’s sentence was imposed,[1] but we know of no authority suggesting that the holding was intended to have retroactive application to those cases which had become final prior to the effective date of the Jackson opinion.
As to the claim that the split sentence violates the plea agreement, Dreyer alleges that the probationary term was imposed at the request of the state and over the objection of defense counsel. We cannot determine the accuracy of these claims because the record on appeal does not contain a transcript of the sentencing. It could be that the court, at the time of sentencing, found the guideline sentence unacceptable and refused to accept the bargain without additional conditions such as the long term of probation. We note that Dreyer was required to pay a considerable sum as restitution, and that the court imposed such payment as a condition of probation. Further, Dreyer could have acquiesced in the split sentence despite its constituting a departure. Because the record does not conclusively refute Dreyer’s motion, ordinarily we would be compelled to direct further proceedings on this issue. However, Dreyer is barred from raising this claim by the two-year limitations period set by Florida Rule of Criminal Procedure 3.850.
We do find merit in the suggestion that the sentence may have been imposed in violation of Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), that is, that the more onerous amended version of rule 3.701(d)(12) was applied to Dreyer’s offenses before the amendment had received the sanction of the supreme court and the legislature.[2] In Dupont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987), this court concluded both that Miller should have retroactive application and that Miller violations could be corrected pursuant to Florida Rule of Criminal Procedure 3.800(a) as amended in State v. Whitfield, 487 So.2d 1045 (Fla.1986). Notably, rule 3.800(a) does not contain the same time limits as rule 3.850, and a court has the authority to correct a sentence pursuant to rule 3.800(a) in the circumstance where 3.850 has been invoked. Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987). Thus we are compelled to reverse for further proceedings on this one question.
Because in this case claims of a per se unlawful sentence, correctable at any time, are intertwined with claims that are untimely presented, we stress that Dreyer is entitled to relief only if his present sentence is attributable purely to an unintentional violation of the Miller rule. If the files and records in this case suggest that the split sentence stems solely from the mistaken belief that it was authorized both by the plea agreement and rule 3.701(d)(12), Dreyer must be resentenced. If, on the other hand, the record indicates that the trial court intentionally imposed a probationary term beyond that expressly authorized by rule 3.701(d)(12), the court may again deny Dreyer’s motion, attaching to its order whatever documentation is relied upon in support of its finding. This is so regardless whether Dreyer complained at the time of sentencing that the probation *736 ary term was excessive. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal in order to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and FRANK and ' THREADGILL, JJ., concur.

. In fact, prior to Jackson most of the district courts had taken the position that the lack of a written departure order did not necessarily result in reversible error, if the trial court’s reasons for departure could he gleaned from the record. See, e.g., Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).

. Dreyer's offenses were committed before the adoption of rule 3.701, necessitating his affirmative election to receive a guideline sentence. Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984). Having done so, he is presumed to have elected whatever version of the guidelines existed at the time of sentencing. Connell v. State, 517 So.2d 77 (Fla. 2d DCA 1987).