534 So.2d 843 (1988)
Shane Gregory DYER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2060.
District Court of Appeal of Florida, Fifth District.
December 1, 1988.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Dyer appeals his sentence of 4 1/2 years incarceration on 12 counts of burglary, grand theft and forgery, followed by 2 years of community control on an escape count, then followed by 8 1/2 years probation on a burglary of a dwelling count.[1] He was adjudicated a youthful offender pursuant to section 958.04, Florida Statutes (1987). We agree error occurred and remand for resentencing.
Section 958.04 sets the "maximum" penalties for a person sentenced as a youthful offender. Specifically, section 958.04 provides:
(2) In lieu of other criminal penalties authorized by law and notwithstanding any imposition of consecutive sentences, the court shall dispose of the criminal case as follows:
(a) The court may place a youthful offender under supervision on probation or in a community controlled program, with or without an adjudication of guilt, under such conditions as the court may lawfully impose for a period of not more than six years. Such period of supervision shall not exceed the maximum sentence for the offense for which the youthful offender was found guilty.
* * * * * *
(c) The court may impose a split sentence whereby the youthful offender is to be placed on probation or community control upon completion of any specified period of incarceration; however, if the incarceration period is to be served in a department facility other than a probation and restitution center or community *844 residential facility, such period shall be for not less than 1 year or more than 4 years. The period of probation or community control shall commence immediately upon the release of the youthful offender from incarceration. The period of incarceration imposed or served and the period of probation or community control, when added together, shall not exceed six years.
* * * * * *
(3) The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001 unless reasons are explained in writing by the trial court judge which reasonably justify departure. A sentence imposed outside of such guidelines shall be subject to appeal pursuant to s. 924.06 or s. 924.07.
In order to sentence Dyer to the "maximum sentence" provided in section 958.04 of 4 years incarceration followed by 2 years community control, the trial judge was required to provide written reasons for departure from the recommended guidelines sentence of 3 1/2 to 4 1/2 years.[2] The sentence given in this case not only exceeded the guidelines, but was in excess of the "maximum sentence." Under section 958.04, the sentence in no event can exceed the statutory maximum.[3]
Further, the trial judge did not provide any reasons for a departure sentence in this case, as he mistakenly thought the sentence was within the guidelines. At sentencing, the trial court stated that he could have departed based on Dyer's "criminal episode," which may be a valid reason for departure. Allen v. State, 529 So.2d 321 (Fla. 2nd DCA 1988); Paschall v. State, 501 So.2d 1370 (Fla. 2nd DCA 1987). Therefore Dyer's sentence must be reversed and remanded for resentencing.
Dyer argues that, upon remand, the trial court should be precluded from departing from the recommended guidelines sentence. He relies on Shull v. Dugger, 515 So.2d 748 (Fla. 1987), which held that "[A] trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court." However, we agree with our sister court's analysis in its en banc opinion of Waldron v. State, 529 So.2d 772 (Fla. 1st DCA 1988) that a trial judge who originally thought he was entering a guidelines sentence can, on remand, be allowed to depart and provide written reasons. This scenario is apparent in the instant case based on the statements of the trial judge at sentencing.
Sentence VACATED and REMANDED for RESENTENCING.
COBB and COWART, JJ., concur.
NOTES
[1] We note that the sentences in the record with respect to the burglary of a dwelling count and the escape count were transposed from the trial court's oral pronouncements. Siroky v. State, 532 So.2d 1116 (Fla. 5th DCA 1988) (sentence remanded for correction so as to conform to oral pronouncement). Burglary of a dwelling is a second degree felony whereas section 39.112, Fla. Stat. lists escape from a juvenile facility as a third degree felony.
[2] Community control is a "harsh and more severe alternative to ordinary probation," see State v. Mestas, 507 So.2d 587 (Fla. 1987), and constitutes a departure sentence when the period of incarceration and community control exceeds the recommended guidelines sentence. See Hankey v. State, 505 So.2d 701 (Fla. 5th DCA), rev. denied, 515 So.2d 230 (Fla. 1987), appeal after remand, 529 So.2d 736 (Fla. 5th DCA 1988); VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987); approved, 522 So.2d 830 (Fla. 1988).
[3] Allen v. State, 526 So.2d 69 (Fla. 1988).