535 So.2d 644 (1988)
Libardo J. GONZALEZ-OSORIO, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2714.
District Court of Appeal of Florida, Second District.
December 16, 1988.
Rehearing Denied January 5, 1989.
SCHEB, Acting Chief Judge.
Libardo Gonzalez-Osorio appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Gonzalez-Osorio is presently serving consecutive sentences of thirty years and five years, imposed on September 5, 1986, for trafficking in cocaine and possession of cocaine. In his motion, he claims that the trial court improperly departed from the recommended guideline sentence and that his separate convictions and sentences for trafficking and possession of cocaine constitute a double jeopardy violation.
As to the first issue, Gonzalez-Osorio should have argued the sufficiency of the reasons for departure on direct appeal, if at all. The trial court properly refused to consider this claim in a proceeding brought under Florida Rule of Criminal Procedure 3.850. Trimble v. State, 511 So.2d 403 (Fla. 2d DCA 1987).
As to Gonzalez-Osorio's second contention, this court has recently held that double jeopardy problems of the sort he raises are appropriately addressed via Rule 3.850. Glenn v. State, 537 So.2d 611 (Fla. 2d DCA 1988). We find that Gonzalez-Osorio has made a prima facie showing that his convictions and sentences stem from a single transaction involving a single quantum of a controlled substance, in which instance the multiple punishment is unauthorized. Carawan v. State, 515 So.2d 161 (Fla. 1987); Campbell v. State, 517 So.2d 696 (Fla. 2d DCA 1987).
We affirm in part and reverse in part with directions that on remand, the trial court examine the files and records in this *645 case to determine whether anything contained therein conclusively refutes Gonzalez-Osorio's double jeopardy argument. If so, the court should attach any such documentation to its order. Alternatively, an evidentiary hearing may be necessary to resolve the question. If, on the other hand, the record actually supports Gonzalez-Osorio's argument, the court should vacate the judgment and sentence for possession of cocaine. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
HALL and THREADGILL, JJ., concur.