RYDER, Judge.
This is an appeal from the trial court’s resentencing order which departs upward from the recommended sentencing guidelines range. We reverse.
*1168 Appellant was charged by indictment with two counts of first degree murder and one count of burglary while armed with a dangerous weapon. The murder counts were dismissed and trial proceeded on the burglary charge. Appellant was convicted and sentenced to life imprisonment, although the recommended guidelines range was only seven to nine years’ imprisonment. The reasons given by the trial court in its departure order were that “[p]ast record indicates that defendant is a professional criminal who will prey upon society whenever he is at liberty,” and that “as a direct result of the armed burglary two persons were killed.”
Appellant appealed the order. This court reversed the departure sentence on the grounds that appellant’s record of past crimes had already been factored into the guidelines computation and the death of the two victims related to offenses for which convictions had not been obtained. See Tyner v. State, 491 So.2d 1228 (Fla. 2d DCA 1986). In reversing the sentence, this court stated in its opinion, “[w]e affirm appellant’s conviction but reverse the sentence and remand for resentencing within the applicable range of the guidelines.” Id. at 1230. We certified a question relating to the offenses for which convictions had not been obtained, and the supreme court affirmed. See State v. Tyner, 506 So.2d 405 (Fla.1987).
On remand, argument ensued as to whether the lower court was required to sentence appellant within the guidelines ■ range or whether the court could clarify its reasons. The court concluded that it had not been directed to give a specific sentence and entered another order sentencing appellant to life imprisonment. The order stated that the reasons given in the court’s previous departure order were misconstrued because they were “ineptly expressed” and that the court had not departed from the recommended range because of appellant’s prior record. Rather, the court stated, it had departed upward because “the defendant had adopted as his profession the commission of crimes,” that when appellant is “not in custody, he will commit serious crimes,” that the “public is in jeopardy whenever [appellant] is not confined in prison,” and that appellant “has continued a life of crime” and "undertaken a continuing and persistent pattern of delinquent and criminal activity for almost twenty-five years prior to the instant offense.” The court set forth appellant’s extensive criminal history, which indicates continuous and escalating criminal activity. The order stated that “[t]he public shall not suffer because of an inarticulate judge.”
We can well understand the trial court’s frustration at not being able to depart upward because of its own mistake in not articulating valid reasons for the departure in its first order. However, we cannot condone the court’s attempt to get a second bite at the apple by maintaining that its second departure order was merely a clarification of the first order and did not propose new reasons for departure. A trial court cannot enunciate new reasons for a departure sentence after the reasons given for the original sentence have been reversed by an appellate court. Shull v. Dugger, 515 So.2d 748 (Fla.1987). An af-firmance in this case would open the door for trial courts to circumvent the rule set forth in Shull by enunciating new departure reasons under the guise of clarification.
We also take issue with the lower court’s conclusion that our mandate did not direct it to give a specific sentence. Absent permission to do so, a trial court is without authority to alter or evade a district court of appeal’s mandate but, rather, must give precise effect to that dictate. Patten v. State, 531 So.2d 203 (Fla. 2d DCA 1988).
Reversed and remanded for resentencing within the applicable range of the guidelines.
SCHEB, A.C.J., and SCHOONOVER, J., concur.