550 So.2d 1121 (1989)
Roberto L. BETANCOURT, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-245.
District Court of Appeal of Florida, Third District.
January 31, 1989.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Debora J. Turner, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and COPE, JJ.
COPE, Judge.
Appellant youthful offender challenges his sentence on the ground that it exceeds the maximum permitted under the sentencing guidelines, without the required statement of reasons for departure. We agree that the sentence under review must be reversed.
Betancourt was convicted of armed robbery with a deadly weapon. He was sentenced as a youthful offender to a split sentence of four years' incarceration followed by two years of community control. See § 958.04(2)(c), Fla. Stat. (1987). There is no indication the trial court considered the sentence to depart from the sentencing guidelines and no reasons for departure were given.
While the Youthful Offender Act authorizes split sentences of the type imposed here, id., the Act also limits a youthful offender sentence to the maximum disposition authorized under the sentencing guidelines, "unless reasons are explained in writing by the trial judge which reasonably justify departure." § 958.04(3), Fla. Stat. (1987). The intent is to assure that a youthful offender disposition does not result in a longer period of incarceration than would have been true under a conventional adult sentence. See State v. Weston, 510 So.2d 1001, 1003 (Fla. 3d DCA 1987).
*1122 In the present case the sentencing guidelines called for three and one-half to four and one-half years' incarceration. The issue is whether Betancourt's two years of community control must be aggregated with the four years of incarceration for purposes of the sentencing guidelines. The state urges that community control is nonincarcerative in nature and that Betancourt's sentence is authorized by Putt v. State, 527 So.2d 914 (Fla. 3d DCA 1988). Putt holds a split sentence of incarceration and probation is permissible so long as the incarcerative portion is within the guidelines range, and the total sanction (incarceration and probation) does not exceed the term provided by general law. Id. at 915.
The state's contention cannot survive State v. Mestas, 507 So.2d 587 (Fla. 1987) (community control more severe alternative than probation; not a nonstate prison sanction). Community control "constitutes a departure sentence when the period of incarceration and community control exceeds the recommended guidelines sentence." Dyer v. State, 534 So.2d 843, 844 n. 2 (Fla. 5th DCA 1988) (citations omitted); see Johnson v. State, 511 So.2d 748, 749 & n. 1 (Fla. 5th DCA 1987) (probation and community control not interchangeable under the guidelines).
Since the combination of incarceration and community control exceeds the recommended guidelines sentence, it is a departure sentence without written reasons, and Betancourt must therefore be resentenced.
Betancourt requests directions that on remand the trial court sentence within the guidelines. We believe that such an instruction is required by Harrison v. State, 523 So.2d 726, 727 (Fla. 3d DCA 1988). We acknowledge that our rule conflicts with that followed in the Second and Fifth Districts. See Dyer v. State, 534 So.2d at 844 (trial judge who originally thought he or she was entering a guidelines sentence can, on remand, be allowed to depart and provide written reasons); Waldron v. State, 529 So.2d 772, 774 (Fla. 2d DCA 1988) (en banc) (same).
Accordingly we reverse the sentence and remand for resentencing within the guidelines.