SCHEB, Judge.
The defendant, David Fletcher, challenges his resentencing for false imprisonment, assault, and battery. The defendant was originally sentenced improperly in that his sentencing scoresheet was incorrectly filed and was thus not available to the appellate court. This court vacated his sentence and remanded with directions that the trial judge resentence the defendant within the guidelines or give clear and convincing written reasons for a departure sentence. Fletcher v. State, 514 So.2d 1157 (Fla. 2d DCA 1987).
The defendant’s first contention in this appeal is that the trial court lost jurisdiction to comply with our mandate to resen-tence him because it did not act within sixty days. We find no merit in this claim.
Second, the defendant challenges the length of his sentence. He was sentenced to five years incarceration and five years probation on the false imprisonment count. His one year sentence as to the assault and six months sentence as to the battery were made to run concurrently with the sentence in count one. Since the defendant’s convictions were for false imprisonment (a third degree felony; statutory maximum five years), assault (a second degree misdemeanor; statutory maximum sixty days), and battery (a first degree misdemeanor; statutory maximum one year), sections 787.02(2), 784.011(2), 784.03(2), Florida Statutes (1985), he could not ordinarily be sentenced in excess of six years and sixty days with credit given for time served.
We note, however, that the defendant was determined to be a habitual offender and no appeal has been taken from that determination. Therefore, he could be sentenced to a period of ten years on his false imprisonment (third degree felony) conviction. § 775.084(4)(a), Fla.Stat. (1985).
The defendant argues that the split sentence he was given is invalid because it exceeds that recommended under the guidelines. This contention is incorrect because it is only the incarcerative portion of his sentence which cannot exceed the maximum guidelines recommendation, which was 5V2 years in this instance. Winters v. State, 522 So.2d 816 (Fla.1988). The guidelines maximum only pertains to the incarcerative portion of sentencing and does not apply to probation. Putt v. State, 527 So.2d 914 (Fla. 3d DCA 1988).
In Putt, the court held that a sentence consisting of a prison term falling within the guidelines range and an additional probation term which brought the sentence within the statutory maximum was valid. The only difference we see between Putt and the instant case is that here the statutory maximum is extended by the habitual offender determination.
Once the defendant was determined to be a habitual offender, the trial court could sentence him to a split sentence totaling ten years with the incarcerative portion not in excess of 5V2 years. Since the defendant was sentenced to five years on the false imprisonment count with the other sentences concurrent and the total incarceration and probation did not exceed the enhanced statutory maximum, his sentence is valid.
AFFIRMED.
CAMPBELL, C.J., and THREADGILL, J., concur.