538 So.2d 854 (1989)
Thomas Alvin CONNELL, Petitioner,
v.
Jerry WADE, Respondent.
No. 71777.
Supreme Court of Florida.
February 23, 1989.
Thomas Alvin Connell, Immokalee, in pro per.
*855 Robert A. Butterworth, Atty. Gen. and Gary O. Welch, Asst. Atty. Gen., Tampa, for respondent.
SHAW, Justice.
We have for review Connell v. State, 517 So.2d 77 (Fla. 2d DCA 1987), based upon conflict with State v. Miller, 512 So.2d 198 (Fla. 1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the district court.
This case presents the following issue. When a defendant commits a crime prior to the effective date of the sentencing guidelines and then elects to be sentenced under the guidelines, should he be sentenced under the provisions in effect at the time of election or under an earlier version? We hold that the guidelines in effect at election are controlling.
Based upon events that took place between February and July, 1983, involving a thirteen-year-old girl, Connell was convicted on February 2, 1984, of committing sexual battery and lewd assault under sections 794.011(4)(e) and 800.04, Florida Statutes (1983). Because of an alleged discovery violation, a new trial was ordered. This order was reversed on appeal and the cause remanded for sentencing. Though Connell's crimes were committed prior to the adoption of the sentencing guidelines, he opted on February 13, 1986, for guidelines sentencing. A departure sentence of twenty-five years was imposed. This sentence was reversed on appeal and the cause remanded for resentencing within the guidelines. On remand, two concurrent nine-year terms were imposed on April 8, 1987.
During the course of Connell's criminal proceedings, the October 1, 1983, sentencing guidelines were amended on May 8, 1984, in such a manner that the guidelines maximum for Connell's offenses was increased from five-and-one-half years to nine years. Connell appealed imposition of the nine-year sentence, claiming that the guidelines in effect at the time of conviction should control. The district court affirmed, relying on the apparently conflicting cases of State v. Jackson, 478 So.2d 1054 (Fla. 1985) (proper guidelines are those in effect at sentencing), and Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) [Miller I] (proper guidelines are those in effect at time offense committed). Connell v. State, 517 So.2d 77 (Fla. 2d DCA 1987). The district court reasoned that because the nine-year sentence fell within the statutory maximum for Connell's offenses, no ex post facto violation occurred.
Connell petitioned for a writ of habeas corpus before this Court alleging that the legal maximum sentence at the initial sentencing was five-and-one-half years and that the trial court erred in imposing a nine-year term pursuant to a subsequent change in the guidelines. We treated Connell's petition as a petition for review based on apparent conflict between the district court decision affirming the nine-year sentence, Connell, and this Court's decision in State v. Miller, 512 So.2d 198 (Fla. 1987) [Miller II], which followed the Miller I holding that guidelines changes are substantive and not procedural changes in the law.
Reviewing the record, we conclude that the true facts are different from those alleged in Connell's petition and that no violation under Miller I occurred. As noted above, the October 1, 1983, sentencing guidelines were enacted several months after Connell committed his offenses.[*] No guidelines were in effect at the time of his crimes. Connell elected to be sentenced under the guidelines in 1986, long after the 1984 amendment took place that increased the penalty for his offenses. At the time of election, Connell sought to be sentenced under the guidelines as they existed prior to the change. The court properly declined to so sentence him and instead imposed the *856 maximum term under the then current guidelines. We detect no Miller I violation here; Connell clearly had fair warning that the then current guidelines would be imposed.
Therefore, we approve the decision below.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] We recently have ruled that the guidelines were ineffective until adopted by the legislature on July 1, 1984. See Smith v. State, 537 So.2d 982 (Fla. 1989). However, our ruling in Smith has no effect on the present case because Connell's election took place after this date.