PER CURIAM.
Angelo DiCicco appeals the summary denial of his motion to correct sentence. We reverse.
DiCicco is presently serving a split sentence of twenty-two years incarceration followed by ten years probation. He argues that the sentence was imposed in violation of Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). This court has previously held that Miller violations may be corrected via Florida Rule of Criminal Procedure 3.800(a) as amended in State v. Whitfield, 487 So.2d 1045 (Fla.1986). Du-pont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987). DiCicco alleges (1) that the offenses for which he was sentenced were committed in 1984; (2) that he originally received a 100-year sentence as a habitual offender which was vacated on appeal along with one of the several convictions; DiCicco v. State, 496 So.2d 864 (Fla. 2d DCA 1986); (3) that subsequent to the reversal he entered a plea of nolo contendere to the outstanding charge in conjunction with the resentencing; and (4) that his guideline scoresheet called for a maximum of twenty-two years.
If these allegations are true, DiCicco might be entitled to relief. Florida Rule of Criminal Procedure 3.701(d)(12) as originally enacted stated that “[i]f a split sentence is imposed ... the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range” [emphasis supplied]. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). See also, Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984), petition for review denied, 462 So.2d 1108 (Fla.1985). Not until 1985 was the rule amended to require only that the prison sentence conform to the guidelines, with no limitation on the subsequent probationary term except “the term provided by general law.” The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 468 So.2d 220 (Fla.1985). This is the version of the guidelines in effect at the time of DiCicco’s resentenc-ing, and the trial court may have erroneously applied the amended rule. See, e.g., Dreyer v. State, 532 So.2d 733 (Fla. 2d DCA 1988).
The trial court’s order denying the present motion to correct sentence neither states the reason why relief is denied nor includes attachments from the record which refute DiCicco’s claim of a Miller violation. The existing sentence would not merit correction if its length and conditions were expressly included within the conditions of the plea bargain; Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986); if the sentence was intended as a departure from the guideline recommendation; Trimble v. State, 511 So.2d 403 (Fla. 2d DCA 1987); or, of course, if DiCicco has misrepresented the circumstances of this case.* On the other hand, if the sentence stems solely from the mistaken belief that it was authorized by rule 3.701(d)(12), DiCicco must be resentenced. Dreyer.
Reversed.
FRANK, A.C.J., and HALL and PARKER, JJ., concur.

 DiCicco does not argue that his sentence is unlawful by virtue of the recent holding in Smith v. State, 537 So.2d 982 (Fla.1989), wherein the supreme court invalidated the application oí the original sentencing guidelines to all offenses prior to the July 1, 1984, ratification of the rule by the legislature. We are unable to determine from the record whether Smith applies to any of DiCicco’s offenses; if so, and if at the time of resentencing he expressly agreed to guideline sentencing, the version of the rule in effect at that time would govern. Connell v. State, 517 So.2d 77 (Fla. 2d DCA 1987).