545 So.2d 961 (1989)
Ronald Eugene TYNER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03449.
District Court of Appeal of Florida, Second District.
June 30, 1989.

*962 ORDER ON MOTION TO ENFORCE MANDATE
RYDER, Judge.
We have before us appellant's "motion to enforce mandate or alternatively petition for writ of habeas corpus," relating to our recent opinion in this case. See Tyner v. State, 536 So.2d 1167 (Fla. 2d DCA 1988). In that opinion, we reversed the lower court's departure order, in which the court departed upward from the recommended guidelines range for the second time since appellant's conviction for armed burglary, and remanded for "resentencing within the applicable range of the guidelines." On remand, the trial court imposed a split sentence, consisting of twelve years' incarceration to be followed by life probation. Appellant argues that the lower court failed to comply with our recent mandate by imposing yet another departure sentence. In addition, appellant contends that the court imposed an illegal sentence. We disagree on both points and deny appellant's application for relief.
Appellant first argues that the incarcerative portion of the split sentence, consisting of twelve years' imprisonment, exceeds the amount of incarceration he claims was specifically mandated by this court. He points out that we stated in our recitation of facts in the Tyner opinion that "the recommended range was only seven to nine years' imprisonment." Id. at 1168. Our present review of the record indicates the error of that statement. However, our erroneous reference to a seven to nine year range did not have the effect of mandating a specific sentence on remand within that range, as appellant contends. Our opinion clearly called for a sentence within the applicable range, which the record reflects is nine to twelve years.
Appellant next asserts that the total sanction imposed, including both the incarceration and the probation, constitutes a departure from the recommended guidelines range, contrary to our mandate, and is also an illegal sentence. He cites the original version of Florida Rule of Criminal Procedure 3.701(d)(12), which stated that when a split sentence is imposed, "the total sanction... cannot exceed the maximum guideline range." In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 852 (Fla. 1983) (Committee Note). However, rule 3.701(d)(12) was amended in 1984 and now states that "[t]he total sanction (incarceration and probation) shall not exceed the term provided by general law." The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824, 828 (Fla. 1984) (Committee Note). Pursuant *963 to section 921.001(4)(b), Florida Statutes (1983), legislation was passed implementing the guidelines, as revised, effective July 1, 1984. Ch. 84-328, Laws of Fla. Under the amended version of rule 3.701(d)(12), still in effect, only the incarcerative portion of a split sentence is considered when determining whether the sentence exceeds the guidelines range. Amendment to Rules of Criminal Procedure at 828. See Fletcher v. State, 538 So.2d 1350 (Fla. 2d DCA 1989); Putt v. State, 527 So.2d 914 (Fla. 3rd DCA 1988). In addition, a split sentence is legal under the revised rule if the total sanction does not exceed the applicable statutory maximum sentence. Amendment to Rules of Criminal Procedure at 828. See Putt. At the time of appellant's original sentencing on March 14, 1985, the amended rule was in effect and authorized his sentence. The incarcerative portion of the split sentence does not exceed the recommended range of nine to twelve years, and the total sanction does not exceed the statutory maximum term of life imprisonment for armed burglary under section 810.02(2), Florida Statutes.[1]
Appellant also suggests that an ex post facto violation occurred due to his sentencing under the amended version of rule 3.701(d)(12), which authorizes a harsher sanction than the original 1983 version, citing Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).[2] However, Miller ex post facto concerns do not arise in this case, because appellant committed the crime in question in 1979, well before the effective date of the guidelines, and elected to be sentenced under the guidelines after they were adopted by the legislature, as amended, on July 1, 1984. Connell v. Wade, 538 So.2d 854 (Fla. 1989).[3] At the time appellant elected to be sentenced under the guidelines, in 1985, he had fair warning that the then current guidelines would be imposed. Id. at 856.
Appellant's motion and petition are denied.
SCHEB, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Section 810.02(2) has authorized a maximum term of life imprisonment for armed burglary since 1974. See Ch. 74-383, § 31, Laws of Fla.
[2] Under Miller, the application of an amended version of the guidelines in effect at the time of sentencing that results in the imposition of a harsher sentence than that which would have been imposed under an earlier version of the guidelines in effect at the time the crime was committed constitutes an ex post facto violation. See, e.g., Burns v. State, 528 So.2d 78 (Fla. 2d DCA 1988).
[3] In light of the Florida Supreme Court's holding in Smith v. State, 537 So.2d 982 (Fla. 1989), July 1, 1984 is a significant date in an ex post facto analysis for two reasons. First, that date is now determined to be the effective date of the guidelines. Id. at 987. Therefore, Miller presumably does not apply to crimes committed prior to that date. Second, July 1, 1984 is the date the guidelines were legitimately adopted by the legislature. Prior to that date, under Smith, they were ineffective. Since the legislature enacted the revised version of the guidelines, including the amended version of rule 3.701(d)(12), a defendant electing to be sentenced under the guidelines after July 1, 1984 elects the effective, amended version of the guidelines. The supreme court, in Connell, merely states that Smith has no effect when the election to be sentenced under the guidelines occurs after July 1, 1984. See Connell at 855 n.[*].