STONE, Judge,
concurring in part and dissenting in part.
I agree that a scoring error should be considered under rule 3.850, notwithstanding the defendant’s failure to raise the issue on direct appeal. Therefore, similarly, petitioner is entitled here to question departure reasons that the record shows were also scored. However, although it is not an issue here, I do not agree that an invalid departure reason alone, unrelated to a scoring issue, should be considered for the first time under rule 3.850. I would recede to that extent from Braddy v. State. See, e.g., Gonzalez-Osorio v. State, 535 So.2d 644 (Fla. 2d DCA 1988), rev. denied, 544 So.2d 199 (Fla.1989); Dreyer v. State, 532 So.2d 733 (Fla. 2d DCA 1988).
Additionally, I would decline to address the second issue treated by the majority, concerning appellant’s claim that his prior conviction of two first degree felonies was erroneously scored in this case. In my judgment this scoring objection, unrelated to the crime for which defendant was being sentenced, was waived by not raising it at the time of sentencing. I also would not remand with instructions to resentence within the guidelines as it cannot be determined from this record whether there were other valid reasons stated for departure.