DIAMANTIS, Judge.
Defendant was charged in several cases with various offenses. Defendant entered a plea of guilty to one count of dealing in stolen property,[1] two counts of grand theft,[2] one count of petit theft,[3] two counts of burglary of a dwelling,[4] and one count of burglary of a structure.[5] In exchange, the state entered a nolle prosequi on the remaining charges. Defendant was sentenced to a total of 5½ years incarceration followed by a total of thirty-five years probation. The total incarceration was within the “permitted range” of the guideline scoresheet used by the trial court. We reverse the sentence and remand.
Defendant appeals from his judgments and sentences and raises two sentencing issues, only one of which possesses merit. On defendant’s sentencing guidelines scoresheet, the trial court scored as primary offenses the dealing in stolen property offense, a second degree felony, and one of the grand theft offenses, a third degree felony. The scoresheet reflected a recommended range of years incarceration, and a permitted range of 2[1]/a-5[1]/2 years. Defense counsel objected to the scoring at sentencing. If the grand theft had been scored as an additional offense instead of as a primary offense, defendant would have fallen into the next lower recommended range of 2y2-3V2 years incarceration, with a permitted range of community control or I-4V2 years incarceration.
Florida Rule of Criminal Procedure 3.701(d)(3) defines “primary offense” as that offense at conviction which, when scored on the guideline scoresheet, recommends the most severe sanction. Rule *328 3.701(d)(3)a provides that a separate guidelines scoresheet shall be prepared scoring each offense at conviction as the “primary offense at conviction” with the other offenses and convictions as “additional offenses at conviction.” Rule 3.701(d)(3)b states that the guidelines scoresheet which recommends the most severe sentencing range shall be utilized by the sentencing judge. In the instant case, a category six scoresheet form was used (the scoresheet utilized for thefts, forgery, and other related offenses). The scoresheet forms contemplate multiple primary offenses of the same nature and degree. Thus, it was improper for the trial court to score felonies of different degrees as primary offenses. The third degree grand theft offense should have been scored as an additional offense.
The state contends that the error in the instant case is harmless. The state argues that if the two burglary of a dwelling offenses were scored as the primary offenses, defendant would have fallen into the same recommended range. This contention is incorrect. It is clear that the state is scoring the burglary of a dwelling offenses under the same category six scoresheet form used by the trial court. However, as we observed, that scoresheet is to be used only for thefts, forgeries, and other related offenses. When a burglary offense is scored as the primary offense at conviction, a category five scoresheet form must be used. See Fla.R.Crim.P. 3.988(e). If a category five scoresheet form is prepared with the two burglaries of a dwelling scored as the primary offenses, defendant would fall into the 2[1]/2-⅛⅜ year recommended range, with a permitted range of community control or I-4V2 years incarceration.
Accordingly, we reverse the defendant’s sentence and remand this cause to the trial court for preparation of a corrected guidelines scoresheet and for resentencing. However, because the trial court did not realize that it was imposing a departure sentence, on remand the trial court is permitted to consider whether departure is appropriate and, if so, to set forth valid, contemporaneous written reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla.1989).
Judgments AFFIRMED; sentence REVERSED and cause REMANDED.
COBB and COWART, JJ., concur.

. § 812.019(1), Fla.Stat. (1989).

. § 812.014(1), (2)(c), Fla.Stat. (1989).

. § 812.014(1), (2)(d), Fla.Stat. (1989).

. § 810.02(3), Fla.Stat. (1989).

. § 810.02(3), Fla.Stat. (1989).