W. SHARP, Judge.
Allen appeals from his sentences, which were imposed for possession of a controlled substance,[1] two counts of unlawful sale or delivery of a controlled substance,[2] and two charges of failing to appear for sentencing.[3] Pursuant to the scoresheet, the recommended guidelines range was 2¾⅛ to 3½ years incarceration and the permitted range was community control or 1 to 4¥2 years incarceration. He received 3 concurrent sentences of 4 years in prison, followed by 24 months on community control, concurrent with 10 years on probation. No written reasons for departure were given. We vacate the sentences.
The combination of 4 years in prison plus community control constitutes a departure upwards in this case for which no contemporary written reasons were given. State v. VanKooten, 522 So.2d 830 (Fla.1988); Carter v. State, 576 So.2d 934 (Fla. 5th DCA 1991). In addition, even if the permitted range allowed a combination of prison plus community control, the total time must be within the maximum permitted range (here 4½ years) and the combined total in this case was 6 years. See Betancourt v. State, 550 So.2d 1121 (Fla. 3d DCA 1989), approved in part, 552 So.2d 1107 (Fla.1989).
Since the trial court in this case apparently did not realize it was imposing a “departure” sentence, on remand, it may consider whether such a departure is warranted, and if so, set forth valid reasons for departure. State v. Betancourt, 552 So.2d at 1108; Butler v. State, 579 So.2d 327 (Fla. 5th DCA 1991). Accordingly, we vacate the sentences imposed in this case and remand for resentencing.
Sentences VACATED; REMANDED.
GOSHORN and GRIFFIN, JJ„ concur.

. § 893.13(1)©, Fla.Stat. (1989).

. § 893.13(l)(a)(l), Fla.Stat. (1989).

.§ 843.15(l)(a), Fla.Stat. (1989).