PER CURIAM.
Appellant, Ben Smith, Jr. (defendant), appeals the denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that he was not sentenced in accordance with sentencing guidelines because of a scoresheet error. Defendant was originally sentenced to concurrent sentences of twenty-two years for two second-degree felonies of sale of cocaine, and ten years for one third-degree felony of sale of counterfeit controlled substance. We reverse and remand for resen-tencing because, as the state concedes and we agree, the third-degree felony of sale of counterfeit controlled substance should have been included as an additional offense, and the scoresheet error affected the guidelines range.
Rule 3.701(d)(3), Florida Rules of Criminal Procedure, defines a primary offense as “the offense at conviction that, when scored on the guidelines scoresheet, recommends the most severe sanction.” All other offenses for which the offender is convicted and are pending at conviction are additional offenses. Fla.R.Crim.P. 3.701(d)(4). The third-degree felony was erroneously scored as a primary offense, rather than included as an additional offense. Butler v. State, 579 So.2d 327 (Fla. 5th DCA 1991).
The scoresheet error affected the guidelines range, which when properly scored should have been twelve to seventeen years rather than the seventeen to twenty-two years scored. Fla.R.Crim.P. 3.988(g) Category 7 (1988). Because the erroneous sentence results from a scoresheet error, apparent on the face of the scoresheet, the sentence may be corrected by a motion to correct illegal sentence. Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla.1992).
We note that defendant was sentenced as a habitual offender, but this was before the October 1, 1988 effective date of section 775.-084(4)(e), which expressly authorizes departure sentences for habitual offenders. At the time the offenses were committed in January 1988, habitual offender status was neither a ground for departure from guidelines sentencing, nor did it provide exemption from guidelines sentencing. Whitehead v. State, 498 So.2d 863 (Fla.1986); Perkins v. State, 616 So.2d 580 (Fla. 2d DCA 1993).
Accordingly, we reverse defendant’s sentence imposed and remand this case for re-sentencing. On remand, however, the trial court should be permitted to consider a departure sentence because it was unaware that it was acting on an improperly scored sentencing guidelines scoresheet. See State v. Betancourt, 552 So.2d 1107 (Fla.1989); Roberts v. State, 547 So.2d 129 (Fla.1989); Pizarro v. State, 593 So.2d 604 (Fla. 4th DCA 1992); Butler.
KLEIN, PARIENTE and STEVENSON, JJ., concur.